**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

**E'LERIC IVEY,**

      **Plaintiff,**

**v.**

**THE BOARD OF TRUSTEES**
**for FLORIDA A&M UNIVERSITY,**

      **Defendant.**

_____/

**Case No.** 4:26-cv-125
**On removal from the Circuit Court of the Second Judicial Circuit in and for Leon County Florida,**
**Case No.:  2025-CA-002575**

## <u>DEFENDANT'S NOTICE OF REMOVAL</u>

Defendant, The Board Of Trustees for Florida A&M University (hereinafter "FAMU"), pursuant to 28 U.S.C. § 1441, <u>et seq.</u>, and 1446, and Local Rule 3.1B and 7.2 of the United States District Court for the Northern District of Florida, hereby gives notice of the removal of an action pending in the Circuit Court of the Second Judicial Circuit in and for Leon County Florida, and in support of the removal, states the following:

1.    FAMU desires to exercise its right under the provisions of Title 28 U.S.C. § 1441, *et seq.,* to remove this action from the Circuit Court of the Second Judicial Circuit in and for Leon County Florida, where it is now pending under the name and style of *E'Leric Ivey, Plaintiff v. The Board of Trustees for Florida A&M University*, *Case No. 2025-CA-002575* (hereinafter referred to as the Circuit

Court Action).

2.      The Circuit Court Action is of a civil nature over which the United States district courts have been given original jurisdiction, and which may be promptly removed. *See*, 28 U.S.C. §§ 1331, 1343 and 1441. Specifically, Plaintiff expressly states that this action is brought under the Americans with Disabilities Act (ADA), codified at 42 U.S.C. § 12101 et seq., and the Rehabilitation Act, codified at 29 U.S.C. § 794 et seq. and 42 U.S.C. § 1981a. Both are federal claims.

3.      Under the provisions of 28 U.S.C. § 1441, *et seq.,* FAMU has the right to remove these claims from the Circuit Court Action to the United States District Court for the Northern District of Florida, Tallahassee Division.

4.      Plaintiff's Complaint alleges claims against the Defendant for disability discrimination in violation of the ADA, 42 U.S.C. § 12101 et seq. (Count IV), and violation of the Rehab Act under 29 U.S.C. § 794, et seq. and 42 U.S.C. § 1981a (Count V); common law negligence (Count I); negligent training (Count II); and false imprisonment/arrest (Count III).

5.      In accordance with the requirements of 28 U.S.C. § 1446, this petition and notice for removal is filed within 30 days after the initial Complaint was served on the Defendant.

6.   Pursuant to 28 U.S.C. § 1446(a) and (b), Defendant has filed with this Notice of Removal, true and legible copies of Plaintiff's Complaint, Summonses, the docket/index in the Circuit Court Action, as well as all other, pleadings, papers, and/or orders on file in the Circuit Court Action as of the date of this Notice of Removal, as follows:

a)  Plaintiff's Complaint attached hereto as Exhibit 1.

b)  Summons for The Board Of Trustees for Florida A&M University as Exhibit 2.

c)  Docket sheet index for Circuit Court Action as Exhibit 3.

d)  Notice of Appearance of Henry Buchanan, P.A on behalf of The Board Of Trustees for Florida A&M University attached hereto as Exhibit 4.

e)  All other pleadings, papers and/or orders in the Circuit Court Action attached hereto as Composite Exhibit 5.

7.    As set forth herein, FAMU desires and is entitled to have this cause removed from the Circuit Court of the Second Judicial Circuit in and for Leon County Florida, such being the district where suit is currently pending, to the United States District Court for the Northern District of Florida, Tallahassee Division.

8.    A true copy of this Notice of Removal will be filed in the Circuit Court Action as required by law. Also, written notice of the filing of this Notice of Removal petition will be given to the adverse party, as required by 28 U.S. C. § 1446(d).

3

9.     Defendant will respond to Plaintiff's Complaint within seven (7) days of removal, pursuant to Rule 81(c)(2)(C), Federal Rules of Civil Procedure.

WHEREFORE, Defendant, The Board Of Trustees for Florida A&M University, respectfully requests that this action be removed to this Court and that this Court accept jurisdiction and, henceforth, that this action be placed on the docket of this Court for further proceedings, the same as though this action had been originally instituted in this Court.

Dated this 20th day of March 2026.

HENRY BUCHANAN, P.A.

*s/ Miriam R. Coles*
MIRIAM R. COLES
Florida Bar No. 58402
mcoles@henryblaw.com
CHRISTOPHER R. RAMIREZ
Florida Bar No. 1040021
cramirez@henryblaw.com
Post Office Drawer 14079
Tallahassee, Florida 32317-4079
Telephone: (850) 222-2920
Facsimile: (850) 224-0034
*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed via the CM/ECF system and electronic notification to all counsel of record on this 20th day of March 2026.

*s/ Miriam R. Coles*
Attorney

# Exhibit 1

**to**

**DEFENDANTS' NOTICE OF REMOVAL**

# Plaintiff's Complaint

**E'LERIC IVEY v. THE BOARD OF TRUSTEES for FLORIDA A&M UNIVERSITY**
**USDC CASE NO:** 4:26-cv-125

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN AND
FOR LEON COUNTY, FLORIDA

**E'LERIC IVEY,**

      **Plaintiff,**

v.

**THE BOARD OF TRUSTEES
for FLORIDA A&M UNIVERSITY,**

      **Defendant.**

_____/

**CASE NO.: 25-CA-** 2025 CA 002575
**FLA BAR NO.: 0739685**

## COMPLAINT

Plaintiff, E'LERIC IVEY, hereby sues Defendant, THE BOARD OF TRUSTEES for FLORIDA A&M UNIVERSITY, and alleges:

## NATURE OF THE ACTION

1. This is a civil action seeking monetary damages, declaratory judgment, and legal, equitable, and injunctive relief against Defendant. This is an action brought under the common law of the State of Florida, the Americans with Disabilities Act (ADA), codified at 42 U.S.C. § 12101, et seq., and the Rehabilitation (Rehab.) Act, codified at 29 U.S.C. §794 et seq and 42 U.S.C. §1981a.

2. This is an action involving claims which are, individually, in excess of Fifty Thousand Dollars ($50,000).

## PARTIES

3. At all times pertinent hereto, Plaintiff, E'LERIC IVEY, has been a resident of LEON, County, FL. he is *sui juris*.

4. At all times pertinent hereto, Defendant, THE BOARD OF TRUSTEES for FLORIDA A&M UNIVERSITY has been organized and existing under the laws of Florida as a part of the Florida College/University System also known as "FAMU" and is located in Tallahassee, Florida.

**CONDITIONS PRECEDENT**

5. Plaintiff has satisfied all conditions precedent to bringing this action, if any.

**STATEMENT OF THE ULTIMATE FACTS**

6. On or about February 28, 2022, Plaintiff, a Center for Disability Access & Resources (CeDAR) student at FAMU, went to the FAMU Office of Counseling Services to seek out counseling services or other available therapy services.

7. Plaintiff is a CeDAR student and suffers from Sluggish Cognitive Tempo (SCT). This disability affects Plaintiff's daily life activities and is one for which he was to have been accommodated by Defendant in his academic endeavors.

8. Plaintiff's SCT is a condition marked with a cluster of symptoms characterized by slow thinking and difficulty paying attention. SCT can also be associated with language delays which can be apparent when speaking to an individual with SCT, as it the case with Plaintiff.

9. At that time Plaintiff sought counseling services on February 28, 2022, he was not experiencing a mental health crisis or threatening to harm himself or anyone else.

10. Nevertheless, due at least in part to his disability, Plaintiff was involuntarily Baker Acted at the request and/or insistence of Dr. Alicia Jackson, an employee and agent of FAMU.

11. Dr. Jackson procured Plaintiff's imprisonment during which he was handcuffed, and transported to a local mental health facility by the FAMU Police Department.

2

12.    Prior to being transported, against his will, to the hospital's mental health facility, Plaintiff and his family were assured that he would not be Baker Acted nor handcuffed.

13.    Once at the medical facility, Plaintiff remained imprisoned until he was evaluated by the medical staff and released based on their medical evaluation and professional opinion that he showed no signs that he should have ever been admitted or Baker Acted by FAMU officials in the first place.  In short, he did not meet the criteria under Florida law to be Baker Acted which was known or should have been known to Defendant and Defendant used his disabling condition against him to falsely justify the Baker Act.

14.    Plaintiff was immediately released into the custody of his family and should never have been Baker Acted and falsely imprisoned as there were no exigent circumstances, material, or factual evidence, indicating the need for involuntary admission into a mental health facility.

15.    Further, Plaintiff was given a mental health evaluation by Defendant's agent, Dr. Jackson, which was faulty due to her not knowing, or failing to take into account, Plaintiff disability when administering a mental health evaluation to him.

16.    Plaintiff was ultimately released as medical professionals found no evidence that he should have ever been admitted.

17.    The actions of FAMU and/or its agents have caused damage to Plaintiff including, but not limited to, lost wages, legal expenses, pain and suffering, mental anguish, loss of capacity for the enjoyment of life, expense, and related economic and noneconomic damages.

18.    Plaintiff has retained the undersigned to represent his interests in this cause and is obligated to pay a fee for these services.  Defendant should be made to pay said fee under the laws referenced above.

3

## COUNT I
## COMMON LAW NEGLIGENCE

19.    Paragraphs 1 through 18 are re-alleged and incorporated herein by reference.

20.    This count sets forth a claim against Defendant FAMU for common law negligence. Defendant FAMU knew or should have known that Plaintiff was within a zone of risk related to contact with its agents/employees.

21.    Defendant FAMU owed a duty of care to Plaintiff due to the nature of the relationship between Plaintiff and Defendant FAMU and/or Defendant FAMU had a special relationship with Plaintiff and, consequently, a duty of care was attendant thereto. Alternatively, legal duties devolved upon Defendant FAMU because Plaintiff was in the foreseeable zone of risk to be harmed by the actions thereof.

22.    Defendant FAMU further breached its duty to properly supervise its employee and agents, to ensure the safety of the Plaintiff and/or to properly investigate the circumstances of criminal and/or tortious activity.

23.    The actions of Defendant FAMU and a complained of herein were "operational" functions, i.e., functions that were not necessary to or inherent in policymaking or planning, that merely reflected secondary decisions as to how policies or plans were to be implemented.

24.    As a direct and proximate result of the above unlawful acts and omissions, Plaintiff sustained economic damages, including lost income, sustained emotional pain, anguish, humiliation, insult, indignity, loss of self-esteem, inconvenience and hurt, all because of the actions of Defendant FAMU and is therefore entitled to compensatory damages.

## COUNT II
## NEGLIGENT TRAINING

25.    Paragraphs 1 through 18 are re-alleged and incorporated herein by reference.

4

26.     This count sets forth claims against Defendant FAMU for negligent training. For purposes of this count, at all pertinent times, some or all of Defendant's employees and agents were acting within the course and scope of their employment.

27.     The actions of Defendant complained of in this count were taken in the performance of "operational" functions, i.e., functions that are not necessary to or inherent in policymaking or planning, and which merely reflect secondary decisions as to how existing policies or plans will be implemented.

28.     The duties of care owed by Defendant FAMU to Plaintiff included duties to properly train its employees and agents in the proper evaluation of students to be Baker Acted. They were not so trained resulting in the false Baker Act of Plaintiff.  Plaintiff was in foreseeable zones of risk, and these duties of care arose.

29.     On information and belief, Defendant FAMU breached its duties of care to Plaintiff by negligently failing to properly train its employees and/or by delivering no training at all to such employees and agents, who then acted in connection with Plaintiff.

30.     As a direct and proximate result of the unlawful acts and omissions of Defendant FAMU set forth in part above, Plaintiff has been damaged, which damages include physical pain, mental anguish, pain and suffering, bodily injury, loss of capacity for the enjoyment of life, embarrassment, humiliation, loss of reputation, loss of employment opportunities, lost wages, and loss of other emoluments. These damages have occurred in the past, are occurring at present, and are likely to continue into the future.

## COUNT III
## FALSE IMPRISONMENT/ARREST

31.     Paragraphs 1 through 18 are hereby re-alleged and incorporated herein by reference.

5

32.    This is an action against Defendant FAMU for false imprisonment/false arrest.

33.    The Plaintiff is entitled to relief against Defendant FAMU in that Dr. Jackson and others, acting in the course and scope of their employment with FAMU, intentionally and unlawfully detained and restrained Plaintiff against his will, deprived Plaintiff of liberty without any reasonable cause, and maintained such complete restraint and deprivation for a period of time.

34.    This unlawful restraint of the Plaintiff's liberty was also accomplished by Defendant confining Plaintiff to an area in which the Plaintiff did not wish to be confined and by compelling the Plaintiff to go where he did not wish to go.

35.    Plaintiff was further restrained by Defendant, through its agents and employees use of coercive words, threats of force as well as actual force, and immediate means of coercion against Plaintiff so that the Plaintiff was restrained and deprived of liberty.  Defendant restrained Plaintiff without any justification and in the absence of probable cause. Defendant conducted no independent investigation into whether any criminal conduct had occurred.

36.    At all times material to this action, and at all times during which the Plaintiff was being unlawfully restrained, the Plaintiff was restrained against his will, and without consent, so that the Plaintiff was not free to leave his place of confinement.

37.    As a direct and proximate cause of Defendants actions, Plaintiff has been damaged, which damages include: mental anguish, pain and suffering, bodily injury, loss of capacity for the enjoyment of life, embarrassment, humiliation, loss of reputation, lost employment opportunities, lost wages, and the loss of other emoluments.  These damages have occurred at present, in the past and will most likely occur in the future.

**COUNT IV**
**DISABILITY DISCRIMINATION**

38.    Paragraphs 1 through 18 above are re-alleged and incorporated herein.

6

39. This count sets forth a claim for discrimination on the basis of Plaintiff's actual or perceived mental or physical disability and/ or record of impairment, brought under 42 U.S.C. §12101, et seq.

40. Plaintiff has been a victim of discrimination on the basis of actual or perceived disability and/or record of impairment. Plaintiff was treated differently than similarly situated students who are non-disabled, not perceived as disabled, or do not have a comparable record of impairment to Plaintiff.

41. Defendant is liable for the differential treatment and its refusal to accommodate Plaintiff, which adversely affected a term, condition, or privilege of Plaintiff's enrollment as a student with Defendant as those terms are used in the applicable statutes.

42. Defendant controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

43. In essence, the actions of agents of Defendant, which were each condoned and/or ratified by Defendant, were disability/perceived disability-based and in violation of the laws set forth herein.

44. The discrimination complained of herein affected terms, conditions, and privileges of Plaintiff's enrollment with Defendant. The events set forth herein led, at least in part, to Plaintiff's false arrest and harm that followed thereafter.

45. Defendant's acts and omissions constituted intentional discrimination based upon disability or perceived disability, under the laws cited herein.

46. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses,

7

inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, and other benefits. These damages have occurred in the past, are occurring at present, and likely will continue into the future. Plaintiff is entitled to equitable/injunctive relief.

**COUNT V**
**VIOLATION OF THE REHABILITATION ACT**
**DISABILITY/ HANDICAP DISCRIMINATION**

47.     Paragraphs 1 through 18 are incorporated herein by reference. This is an action against Defendant for discrimination based on handicap and/or disability.

48.     Plaintiff actively or perceptively suffered from a physical or mental disability that substantially limits one or more of Plaintiff's major life activities and/ or Plaintiff has a record of such impairment.

49.     Defendant is an educational institution as the term is defined in the relevant statute and was receiving federal funds at the time of its discrimination against Plaintiff.

50.     Defendant, solely because of Plaintiff's handicap/disability excluded Plaintiff's participation in, denied Plaintiff the benefits of, or subjected Plaintiff to discrimination under a program or activity as defined in the relevant statute. This was accomplished through Defendant's agents, apparent agents, and employees.

51.     Defendant took action against Plaintiff because of Plaintiff's disabling condition, Alternatively, Defendant perceived Plaintiff to be disabled and took action against him as a result thereof and/or refused to reasonably accommodate him.

52.     There is no legitimate reason that has been offered by Defendant nor can there be any legitimate reason for the adverse treatment of Plaintiff.

53.     Defendant knew or should have known of these conditions as they were open and notorious and well known to Defendant. The adverse treatment of Plaintiff, together with the facts

8

set forth above, were brought to the attention of Defendant and Defendant perpetuated this treatment by condoning the actions and inactions affecting Plaintiff.

54. Defendant is responsible for the violations of Plaintiff's rights as set forth herein because it exercised control over the adverse treatment of Plaintiff. In the alternative, Defendant failed to properly supervise its employees thereby causing foreseeable harm to Plaintiff's rights set forth herein.

55. As a direct and proximate cause of Defendant's actions described above, Plaintiff has sustained damages including but not limited to mental, nervous, and emotional injury. Plaintiff has incurred additional damages including pain and suffering, mental anguish, loss of capacity for the enjoyment of life, and other damages. These damages have occurred in the past, are occurring at present and will continue in the future. Plaintiff is entitled to injunctive relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

    (a)    that process issue and this Court take jurisdiction over this case;

    (b)    that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

    (c)    enter judgment against Defendant and for Plaintiff awarding damages to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

    (d)    enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of the state and federal laws enumerated herein;

(e)    enter judgment against Defendant and for Plaintiff awarding Plaintiff

attorney's fees and costs; and

(f)    grant such other further relief as being just and proper under the

circumstances.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demand a trial by jury on all issues set forth herein which are so triable.

Dated this 30th day of December, 2025.

Respectfully submitted,


/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P. A.
203 North Gadsden Street
Tallahassee, FL 32301
Telephone:  (850) 383-4800
Facsimile:   (850) 383-4801
Marie@mattoxlaw.com
Secondary emails:
shane@mattoxlaw.com
michelle@mattoxlaw.com
discovery@mattoxlaw.com

ATTORNEYS FOR PLAINTIFF

10

# Exhibit 2

**to**
**<u>DEFENDANT'S NOTICE OF REMOVAL</u>**

# Summons
# for
# The Board of Trustees
# For
# Florida A&M University

**E'LERIC IVEY v. THE BOARD OF TRUSTEES for FLORIDA A&M UNIVERSITY**
**USDC CASE NO:** <u>4:26-cv-125</u>

Case 4:26-cv-00125-AW-MAF    Document 1    Filed 03/20/26    Page 18 of 38

DATE: 2/19/2026 TIME: 02:44 PM
MILITARY: NA
MARITAL STATUS: NA

## IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT, IN AND FOR LEON COUNTY, FLORIDA

**E'LERIC IVEY,**

      **Plaintiff,**

**v.**

**THE BOARD OF TRUSTEES
for FLORIDA A&M UNIVERSITY,**

      **Defendant.**

_____/

**CASE NO.: 25-CA-**     2025 CA 002575
**FLA BAR NO.: 0739685**

**SUMMONS**

THE STATE OF FLORIDA:

To Each Sheriff of the State:

    YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

    **THE BOARD OF TRUSTEES
    for FLORIDA A & M UNIVERSITY
    c/o DEVERON GIBBONS – CHAIR
    1601 S. MARTIN LUTHER KING JR. BLVD. – SUITE 104
    TALLAHASSEE, FL 32307**

    Each defendant is required to serve written defenses to the complaint or petition on **Marie A. Mattox, P. A.**, Plaintiff's attorney, whose address is **203 North Gadsden Street, Tallahassee, FL 32301**, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court, either before serve on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED on _____, 2025.

CLERK OF THE CIRCUIT COURT



By: _____     12/31/2025

# Exhibit 3

**to**
**DEFENDANT'S NOTICE OF REMOVAL**

Docket Sheet Index for Circuit Court
Action

**E'LERIC IVEY v. THE BOARD OF TRUSTEES for FLORIDA A&M UNIVERSITY**
**USDC CASE NO:** 4:26-cv-125



GWENDOLYN MARSHALL
CLERK OF THE CIRCUIT COURT AND COMPTROLLER

FLORIDA'S CLERKS OF COURT AND COMPTROLLERS
Bring You
CCIS COMPREHENSIVE CASE INFORMATION SYSTEM

eportaluser

Collapse All

| Case Number | Filed Date | Disposition Date | County | Case Type | Status | Contested | Jury Trial |
|---|---|---|---|---|---|---|---|
| 372025CA0025751000MX [2025 CA 002575] | 12/30/2025 | | LEON | CIRCUIT CIVIL | OPEN | No | No |

| Filing Date | Description | Active | Contested | Judgment Date |
|---|---|---|---|---|
| 12/30/2025 | OTHER DISCRIMINATION | YES | NO | - |

| Party Name | Party Type | Attorney | Bar ID |
|---|---|---|---|
| DEMPSEY, ANGELA COTE | JUDGE | | |
| IVEY, E'LERIC | PLAINTIFF | | |
| THE BOARD OF TRUSTEES FOR FLOR | DEFENDANT | | |
| BUTLER, C V | ATTORNEY | | |
| MATTOX, MARIE A | ATTORNEY | | |

**Dockets**

Page : 1     [ALL ▾]

| Image | Doc # | Action Date | Description | Pages |
|---|---|---|---|---|
| | 11 | 03/16/2026 | DEFENDANT'S DESIGNATION OF ELECTRONIC EMAIL ADDRESSES | 2 |
| | 10 | 03/16/2026 | NOTICE OF APPEARANCE | 2 |
| | 9 | 02/23/2026 | RETURN OF SERVICE EXECUTED - THE BOARD OF TRUSTEES FOR FLORIDA STATE A & M UNIVERSITY C/O DEVERON GIBBONS - CHAIR - TIFFANY MCKENZIE, ASSISTANT GENERAL COUNSEL | 2 |
| | 8 | 02/19/2026 | RETURN OF SERVICE EXECUTED - DIVISION OF RISK MANAGEMENT DEPARTMENT OF FINANCIAL SERVICES - JONATHAN DOSTER, PROCESS AGENT | 2 |
| | 7 | 01/02/2026 | UNIFORM ORDER FOR ACTIVE, DIFFERENTIAL CIVIL CASE MANAGEMENT E-NOTICED via email on 2026-01-02 | 3 |
| | 6 | 12/31/2025 | PAYMENT $420.00 RECEIPT #1893511 | 1 |
| | 5 | 12/31/2025 | JUDGE DEMPSEY, ANGELA C: ASSIGNED | |
| | 4 | 12/30/2025 | SUMMONS ISSUED | 1 |
| | 3 | 12/30/2025 | SUMMONS ISSUED | 1 |
| | 2 | 12/30/2025 | COMPLAINT | 10 |
| | 1 | 12/30/2025 | CIVIL COVER SHEET | 3 |

**Judge Assignment History**

| Assigned Date | Withdraw Date | Judicial Officer | Type |
|---|---|---|---|
| 12/31/2025 | - | DEMPSEY, ANGELA C | |

**Court Events**

| Event Date | Judge | Docket Type | Location | Prosecutor | Defendant Attorney |
|---|---|---|---|---|---|
| No records found. | | | | | |

**Financial Summary**

| Financial Summary | | | |
|---|---|---|---|
| Assessment | Total: $420.00 | Paid to Date: $420.00 | Balance Due: $0.00 |
| Restitution | Total: $0.00 | Paid to Date: $0.00 | Balance Due: $0.00 |

| Financial Details | | | | | |
|---|---|---|---|---|---|
| Count | Assessment Due | Assessment Paid to Date | Restitution Due | Restitution Paid to Date | Last Payment Date |
| | $400.00 | $400.00 | | - | |
| | $10.00 | $10.00 | | - | |
| | $10.00 | $10.00 | | - | |

This information reflects the financial obligations shown on the Florida Comprehensive Case Information System (CCIS) for THIS CASE ONLY. For the current balances of your financial obligations, you should contact the Clerk of the Court in the county where the financial obligation was imposed. Nothing in CCIS alters any financial obligation imposed by a court.

**Reopen History**

| Reopen Date | Reopen Close Date | Reopen Reason |
|---|---|---|
| No records found. | | |

1/1

# Exhibit 4

**to**
**DEFENDANT'S NOTICE OF REMOVAL**

# Notice of Appearance of Henry Buchanan, P.A on behalf of The Board of Trustees For Florida A&M University

**E'LERIC IVEY v. THE BOARD OF TRUSTEES for FLORIDA A&M UNIVERSITY**
**USDC CASE NO:** 4:26-cv-125

IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT
IN AND FOR LEON COUNTY, FLORIDA

E'LERIC IVEY,

     Plaintiff,

v.                                                                    CASE NO: 2025-CA-002575

THE BOARD OF TRUSTEES
for FLORIDA A&M UNIVERSITY,

     Defendant.

_____/

## NOTICE OF APPEARANCE

PLEASE TAKE NOTICE that the undersigned hereby notices the appearance of Henry Buchanan, P.A., Christopher R. Ramirez and Miriam R. Coles on behalf of THE BOARD OF TRUSTEES for FLORIDA A&M UNIVERSITY. The undersigned respectfully request inclusion with the party's service list respective to this cause.

Dated this 16th day of March 2026.

HENRY BUCHANAN, P.A.

*s/ Christopher R. Ramirez*
CHRISTOPHER R. RAMIREZ
Florida Bar No. 1040021
cramirez@henryblaw.com
MIRIAM R. COLES
Florida Bar No. 58402
mcoles@henryblaw.com
Post Office Drawer 14079
Tallahassee, Florida 32317-4079
Telephone:   (850) 222-2920
Facsimile:   (850) 224-0034
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been sent via the Florida Courts E-filing System which will send electronic notification to all counsel of record on this 16th day of March 2026.

*s/ Christopher R. Ramirez*
Attorney

# Composite Exhibit 5

## to

### DEFENDANT'S NOTICE OF REMOVAL

Leon County Circuit Court Docket
including all other Pleadings, Papers
and/or Orders

**E'LERIC IVEY v. THE BOARD OF TRUSTEES for FLORIDA A&M UNIVERSITY**
**USDC CASE NO:** 4:26-cv-125

Filing # 238593848 E-Filed 12/30/2025 08:29:53 PM

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.    CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>SECOND</u>  JUDICIAL CIRCUIT,
IN AND FOR <u>LEON</u>  COUNTY, FLORIDA

<u>E'LERIC IVEY</u>
Plaintiff

Case #  <u>2025 CA 002575</u>

Judge  _____

vs.
<u>THE BOARD OF TRUSTEES for FLORIDA A&M UNIVERSITY</u>
Defendant

### II.    AMOUNT OF CLAIM
Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☒ over $100,000.00

### III.    TYPE OF CASE    (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

- 2 -

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐ Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☒ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☒ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

- 2 -

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.    REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☒ Punitive

**V.    NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

   1

**VI.    IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.    HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.    IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

**IX.    DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Marie A Mattox        Fla. Bar # 739685
      Attorney or party            (Bar # if attorney)

Marie A Mattox             12/30/2025
 (type or print name)           Date

## IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT, IN AND FOR LEON COUNTY, FLORIDA

**E'LERIC IVEY,**

     **Plaintiff,**

v.

**THE BOARD OF TRUSTEES**
**for FLORIDA A&M UNIVERSITY,**

     **Defendant.**

_____/

**CASE NO.: 25-CA-**     2025 CA 002575
**FLA BAR NO.: 0739685**

**SUMMONS**

THE STATE OF FLORIDA:

To Each Sheriff of the State:

     YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

     **THE BOARD OF TRUSTEES**
     **for FLORIDA A & M UNIVERSITY**
     **c/o DEVERON GIBBONS – CHAIR**
     **1601 S. MARTIN LUTHER KING JR. BLVD. – SUITE 104**
     **TALLAHASSEE, FL 32307**

     Each defendant is required to serve written defenses to the complaint or petition on **Marie A. Mattox, P. A.**, Plaintiff's attorney, whose address is **203 North Gadsden Street, Tallahassee, FL 32301**, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court, either before serve on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED on _____, 2025.



CLERK OF THE CIRCUIT COURT

By:_____    12/31/2025

**IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT, IN AND FOR LEON COUNTY, FLORIDA**

**E'LERIC IVEY,**

   **Plaintiff,**

v.

**THE BOARD OF TRUSTEES**
**for FLORIDA A&M UNIVERSITY,**

   **Defendant.**

_____/

**CASE NO.: 25-CA-**     2025 CA 002575
**FLA BAR NO.: 0739685**

**SUMMONS**

THE STATE OF FLORIDA:

To Each Sheriff of the State:

  YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

  **DIVISION OF RISK MANAGEMENT**
  **Department of Financial Services**
  **200 East Gaines Street**
  **Tallahassee, FL 32399**

  Each defendant is required to serve written defenses to the complaint or petition on **Marie A. Mattox, P. A.**, Plaintiff's attorney, whose address is **203 North Gadsden Street, Tallahassee, FL 32301**, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court, either before serve on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.



DATED on _____, 2025.

CLERK OF THE CIRCUIT COURT

By:_____  12/31/2025

IN THE SECOND JUDICIAL CIRCUIT IN AND FOR LEON COUNTY, FLORIDA

**E'LERIC IVEY**

    Plaintiff

vs                                       CASE NO.: 2025 CA 002575

**THE BOARD OF TRUSTEES FOR FLORIDA A AND M UNIVERSITY**

    Defendant

_____/

## UNIFORM ORDER FOR ACTIVE, DIFFERENTIAL CIVIL CASE MANAGEMENT

In compliance with the Florida Rules of Civil Procedure (amendments effective January 1, 2025), and Second Judicial Circuit Administrative Order 2024-08, all parties in the above-styled cause are bound by this Case Management Order.

**Plaintiff shall serve this order on all parties with service of the original complaint. Strict enforcement is required unless good cause is shown for an exception or as otherwise required by law.**

    **I. Projected Trial Date**

    All COUNTY COURT Civil cases are designated STREAMLINED CASES with a projected trial date of 360 days from the date of filing of the complaint.

    All CIRCUIT COURT Civil cases for which the complaint does not demand trial by jury are designated STREAMLINED CASES with a projected trial date of 360 days from the date of filing of the complaint.

    All CIRCUIT COURT Civil cases for which the complaint demands trial by jury are GENERAL CASES with a projected trial date of 540 days from the date of filing of the complaint.

    A change in the above designations may be made by the presiding judge on the judge's own initiative or upon the motion of any party. Should any party assert that a civil case should be treated other than as designated above, such party shall file a written motion requesting such change, and the motion shall be expeditiously resolved by the presiding judge.

## II. Setting Action for Trial

The failure of the pleadings to be closed will not preclude the court from setting a case for trial (See Rule 1.440). If the court finds an action ready to be set for trial on a party's motion or on the court's own initiative, the court will enter a Trial Order pursuant to Rule 1.440. Motions to Continue Trial are disfavored. Any Motions to Continue Trial must comply with Rule 1.460.

## III. Mandatory Deadlines for Streamlined Cases

If the case is designated as a STREAMLINED CASE, the following deadlines shall apply and, by directive of the Florida Supreme Court, must be strictly enforced unless good cause is shown for an exception or as otherwise required by law:

1. 120 days after filing: Service of Complaints
2. 150 days after filing: Service under any Extension of Time
3. 180 days after filing:   Adding New Parties, and filing of any objections to pleadings
4. 210 days after filing: Resolution of Objections to Pleadings and Motions to Dismiss
5. 260 days after filing: Completion of Fact and Expert Discovery, and filing of all Pretrial motions, including Motions for Summary Judgment
6. 320 days after filing: Resolution of Pretrial Motions, including Motions for Summary Judgment and mediation
7. 360 days after filing: Projected Trial Date (as required by Florida Rule of General Practice and Judicial Administration 2.250(a)(1)(B))

## IV. Mandatory Deadlines for General Cases

If this case is designated as a GENERAL CASE, the following deadlines shall apply and, by directive of the Florida Supreme Court, must be strictly enforced unless good cause is shown for an exception or as otherwise required by law:

1. 120 days after filing: Service of Complaints
2. 180 days after filing: Service under any Extension of Time
3. 210 days after filing: Adding New Parties, and filing of any objections to pleadings
4. 270 days after filing: Resolution of Objections to Pleadings and Motions to Dismiss
5. 400 days after filing: Completion of Fact and Expert Discovery, and filing of all Pretrial motions, including Motions for Summary Judgment

6. 480 days after filing: Resolution of Pretrial Motions, including Motions for Summary Judgment and mediation
7. 540 days after filing: Projected Trial Date (as required by Florida Rule of General Practice and Judicial Administration 2.250(a)(1)(B))

## V.  Conferral Requirements and Mediation

All parties must comply with the conferral requirements detailed in Rule 1.202. All parties must mediate unless excused by court order for good cause shown or as otherwise required by law and in compliance with Florida Rules of Civil Procedure, Rules 1.700 - 1.730.

## VI.  Noncompliance

**By Order of the Florida Supreme Court, strict, good faith compliance with this Uniform Order for Active, Differential Civil Case Management is required unless good cause is shown for an exception or as otherwise required by law. These procedures and time standards do not supplant any existing rule, statute, law, or the sound discretion of the court.**

**Failure to appear at a case management conference, the pretrial conference or failure to comply with the new civil rules or terms of this order may result in such sanctions as are just and lawful including: an immediate ex parte hearing and entry of final judgment of default or dismissal, limitation of witnesses or other evidence, striking of claims or defenses, or imposition of attorney fees or costs. See Florida Rules of Civil Procedure, Rules 1.200(j) and (k), 1.280(k), and 1.380.**

## VII. Hearings by Audio-Video Technology

Each judge is responsible for establishing a process for conducting hearings by audio-video technology.

Friday, January 2, 2026
ANGELA C DEMPSEY CIRCUIT JUDGE

ANGELA C DEMPSEY
Circuit Judge

# VERIFIED RETURN OF SERVICE

Job # T260515

### Client Info:

MARIE MATTOX, PA
MARIE MATTOX
203 NORTH GADSDEN STREET
Tallahassee, FL  32301

### Case Info:

| | |
|---|---|
| **PLAINTIFF:** | CIRCUIT COURT |
| E'LERIC IVEY, | Court Date: 4/29/2026 |
| -versus- | County of Leon, Florida |
| **DEFENDANT:** | Court Case # **2025 CA 002575** |
| THE BOARD OF TRUSTEES for FLORIDA A&M UNIVERSITY, | |

### Service Info:

**Received by KATHRYN VILLA: on February, 18th 2026** at **09:31 AM**
**Service:** I Served **DIVISION OF RISK MANAGEMENT DEPARTENT OF FINANCIAL SERVICES**
With: **SUMMONS; COMPLAINT; UNIFORM ORDER**
by leaving with **JONATHAN DOSTER, PROCESS AGENT**

**At Business 200 E GAINES ST TALLAHASSEE, FL 32301**
On **2/18/2026** at **10:30 AM**
**Manner of Service: GOVERNMENT AGENCY**
PUBLIC AGENCY SERVICE: F.S. 48.111 (1)(a)(b)(c) (2) (3)

I **KATHRYN VILLA** acknowledge that I am 18 years or older, authorized to serve process, in good standing in the jurisdiction wherein the process was served, and I have no interest in the above action. Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true.

*Kathryn Villa*

**KATHRYN VILLA**
Lic # **286**

**ACCURATE SERVE OF TALLAHASSEE**
400 CAPITAL CIRCLE SE STE 18291
Tallahassee, FL 32301
Phone: (850) 519-5494

Our Job # **T260515**    Client Ref # **E'LERIC IVEY**




1 of 1

Filing # 238593848 E-Filed 12/30/2025 08:29:53 PM

Case 4:26-cv-00125-AW-MAF    Document 1    Filed 03/20/26    Page 34 of 38
DATE: 2/18/2026 TIME: 10:30 AM
MILITARY: NA
MARITAL STATUS: NA

## IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT, IN AND FOR LEON COUNTY, FLORIDA

**E'LERIC IVEY,**

      **Plaintiff,**

v.

**THE BOARD OF TRUSTEES
for FLORIDA A&M UNIVERSITY,**

      **Defendant.**

_____/

**CASE NO.: 25-CA-**    2025 CA 002575
**FLA BAR NO.: 0739685**

**SUMMONS**

THE STATE OF FLORIDA:

To Each Sheriff of the State:

      YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

      **DIVISION OF RISK MANAGEMENT
Department of Financial Services
200 East Gaines Street
Tallahassee, FL 32399**

      Each defendant is required to serve written defenses to the complaint or petition on **Marie A. Mattox, P. A.**, Plaintiff's attorney, whose address is **203 North Gadsden Street, Tallahassee, FL 32301**, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court, either before serve on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED on _____, 2025.

CLERK OF THE CIRCUIT COURT

By:_____  12/31/2025

# VERIFIED RETURN OF SERVICE

Job # T260516

### Client Info:

MARIE MATTOX, PA
MARIE MATTOX
203 NORTH GADSDEN STREET
Tallahassee, FL  32301

### Case Info:

| | |
|---|---|
| **PLAINTIFF:** | CIRCUIT COURT |
| E'LERIC IVEY, | Court Date: 4/29/2026 |
| -versus- | County of Leon, Florida |
| **DEFENDANT:** | Court Case # **2025 CA 002575** |
| THE BOARD OF TRUSTEES for FLORIDA A&M UNIVERSITY, | |

### Service Info:

**Received by MARY GREEN: on February, 17th 2026 at 10:26 AM**
**Service:** I Served **The Board of Trustees for Florida State A & M University c/o DEVERON GIBBONS - CHAIR**
With: **SUMMONS; COMPLAINT; UNIFORM ORDER**
by leaving with **TIFFANY MCKENZIE, ASSISTANT GENERAL COUNSEL**

**At Business 1601 S. MARTIN LUTHER KING JR. BLVD SUITE 104 TALLAHASSEE, FL 32307**
On **2/19/2026** at **02:44 PM**
**Manner of Service: GOVERNMENT AGENCY/BOARD**
PUBLIC AGENCY SERVICE: F.S. 48.111 (1)(a)(b)(c) (2) (3) (4) SERVER CONFIRMS THAT SERVICE WAS MADE IN FULL COMPLIANCE WITH THE FOLLOWING, REQUESTING EACH ENTITY LISTED BELOW IN ORDER: (1) Process against any municipal corporation, agency, board, or commission, department, or subdivision of the state or any county which has a governing board, council, or commission or which is a body corporate shall be served: (a) On the registered agent; or (b) If the municipal corporation, agency, board, or commission, department, or subdivision of the state does not have a registered agent, or if the registered agent cannot otherwise be served after one good faith attempt: 1. On the president, mayor, chair, or other head thereof; and in the absence of all persons listed in this subparagraph; 2. On the vice president, vice mayor, or vice chair; and in the absence of all persons listed in subparagraph 1. and this subparagraph; 3. On any member of the governing board, council, or commission, the manager of the governmental entity, if any, or an in-house attorney for the governmental entity, if any; and in the absence of all the persons listed in subparagraph 1., subparagraph 2., and this subparagraph; 4. On any employee of the governmental entity at the main office of the governmental entity.

I **MARY GREEN** acknowledge that I am 18 years or older, authorized to serve process, in good standing in the jurisdiction wherein the process was served, and I have no interest in the above action. Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true.

**MARY GREEN**
Lic # **243**

**ACCURATE SERVE OF TALLAHASSEE**
400 CAPITAL CIRCLE SE STE 18291
Tallahassee, FL 32301
Phone: (850) 519-5494

Our Job # **T260516**    Client Ref # **E'LERIC IVEY**




Case 4:26-cv-00125-AW-MAF    Document 1    Filed 03/20/26    Page 36 of 38

DATE: 2/19/2026 TIME: 02:44 PM
MILITARY: NA
MARITAL STATUS: NA

## IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT, IN AND FOR LEON COUNTY, FLORIDA

**E'LERIC IVEY,**

    **Plaintiff,**

**v.**

**THE BOARD OF TRUSTEES
for FLORIDA A&M UNIVERSITY,**

    **Defendant.**

_____/

**CASE NO.: 25-CA-**    2025 CA 002575
**FLA BAR NO.: 0739685**

**SUMMONS**

THE STATE OF FLORIDA:

To Each Sheriff of the State:

    YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

    **THE BOARD OF TRUSTEES
    for FLORIDA A & M UNIVERSITY
    c/o DEVERON GIBBONS – CHAIR
    1601 S. MARTIN LUTHER KING JR. BLVD. – SUITE 104
    TALLAHASSEE, FL 32307**

    Each defendant is required to serve written defenses to the complaint or petition on **Marie A. Mattox, P. A.**, Plaintiff's attorney, whose address is **203 North Gadsden Street, Tallahassee, FL 32301**, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court, either before serve on plaintiff's attorney or immediately thereafter.   If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED on _____, 2025.

CLERK OF THE CIRCUIT COURT



By:_____    12/31/2025

# IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT
# IN AND FOR LEON COUNTY, FLORIDA

E'LERIC IVEY,

      **Plaintiff,**

v.                                               **CASE NO: 2025-CA-002575**

THE BOARD OF TRUSTEES
for FLORIDA A&M UNIVERSITY,

      **Defendant.**

_____/

## DEFENDANT'S DESIGNATION OF ELECTRONIC EMAIL ADDRESSES

Defendant, THE BOARD OF TRUSTEES for FLORIDA A&M UNIVERSITY, by and through its undersigned counsel, and pursuant to and to ensure compliance with the Florida Rules of General Practice and Judicial Administration Rule 2.516 (b)(1), hereby designates undersigned counsel's primary electronic email address and secondary electronic email addresses for this matter in compliance with the Florida Supreme Court's Amendment to the Florida Rules General Practice and Judicial Administration.

| Attorneys of record: | Electronic Email Address: |
|---|---|
| Christopher R. Ramirez | cramirez@henryblaw.com |
| Miriam R. Coles | mcoles@henryblaw.com |
| | Secondary:   kward@henryblaw.com |
| | Secondary:   hbeservice@henryblaw.com |

Dated this 16th day of March 2026.

HENRY BUCHANAN, P.A.

*s/ Christopher R. Ramirez*
CHRISTOPHER R. RAMIREZ
Florida Bar No. 1040021
cramirez@henryblaw.com
MIRIAM R. COLES
Florida Bar No. 58402
mcoles@henryblaw.com
Post Office Drawer 14079
Tallahassee, Florida 32317-4079
Telephone:    (850) 222-2920
Facsimile:    (850) 224-0034
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been sent via the Florida Courts E-filing System which will send electronic notification to all counsel of record on this 16th day of March 2026.

*s/ Christopher R. Ramirez*
Attorney

2